■ KAREN MARTIN, Respondent, v RYAN LUTHER, Appellant, et al., Defendants. [642 NYS2d 728] —Peters, J. Appeal from that part of an order of the Supreme Court (Viscardi, J.), entered February 14, 1995 in Essex County, which, *inter alia*, denied a motion by defendant Ryan Luther for summary judgment dismissing the complaint against him.

Plaintiff commenced this action seeking to recover for personal injuries sustained by her as a result of being struck from behind by another skier, defendant Ryan Luther (hereinafter defendant), while both were skiing an expert trail at Whiteface Mountain Ski Center in Essex County on February 8, 1992. While both plaintiff and defendant were admittedly experienced or expert skiers, neither of them skied professionally. According to defendant, at the time of the accident, he was skiing in control until one of his skis came to be caught in a rut, causing the binding on his ski boot to open and the ski to "pop" off. Defendant stated that only then did he lose control and collide with plaintiff. However, the only eyewitness to this

accident, plaintiff's skiing companion, Ted Tritchew,* averred that, prior to the collision, he saw defendant skiing recklessly or out of control at a speed much too fast for the trail with defendant "show[ing] a total disregard for the potential dangers he created to other skiers". Tritchew stated that he saw defendant lose one of his skis before he hit plaintiff and at that point he was going too fast to turn so as to avoid hitting plaintiff. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against him. Supreme Court denied the motion and this appeal by defendant followed.

We affirm. Initially, we note that defendant is correct in maintaining that, as a downhill skier, plaintiff assumed the risk of dangers posed by "other persons using the facilities" (General Obligations Law § 18-101). However, while "[a] participant in a sporting event generally assumes the risks inherent in the sport * * * he does not assume the risk of another participant's negligent play which enhances the risk" (*Jackson v Livingston Country Club*, 55 AD2d 1045). Put another way, "[i]t is well established that [voluntary sports] participants may be held to have consented, by their participation, to injury-causing events which are known, apparent or reasonably foreseeable, but they are not deemed to have consented to acts which are reckless or intentional" (*O'Neill v Daniels*, 135 AD2d 1076, 1077, *lv denied* 71 NY2d 802). Here, since plaintiff's proof in opposition to defendant's motion raises triable issues of fact as to defendant's alleged recklessness, we conclude that defendant's motion for summary judgment was properly denied (*see*, CPLR 3212 [b]).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

---

* The record indicates that plaintiff later married Tritchew.