■ DEL ATWELL, Appellant, v STATE OF NEW YORK, Respondent. [645 NYS2d 658] —Cardona, P. J. Appeals (1) from an order of the Court of Claims (Corbett, Jr., J.), entered February 2, 1995, which granted the State's motion for summary judgment dismissing the claim, and (2) from an order of said court, entered May 15, 1995, which denied claimant's motion for renewal.

On March 3, 1990 claimant, a self-described "advanced skier", was injured while skiing on the Algonquin trail at Belleayre Mountain Ski Center in Ulster County, a facility owned and operated by the State. Claimant, who frequently skied at this facility and possessed a season pass, alleges that the accident was caused by negligent maintenance of the ski area. According to claimant, at the time of the accident he had been skiing for over two hours on expert trails when he decided to ski down the Algonquin trail, a trail that he had skied before and knew to be an expert trail. Claimant stated that his visibility was unobstructed and, as he descended, he chose to ski "down the left edge of the trail", closer to the bordering woods, because the "snow was looser" there. Claimant was concededly

"skiing at a good clip" when he observed a "floundering" skier in his path and realized that he would overtake him. Anticipating a collision, claimant made a left turn away from the trail toward the bordering woods where he struck a tree and sustained injuries.

These facts were obtained from a trial of this matter before Judge Lyons, who died before rendering a decision. Since the parties would not permit another Judge to render a decision on the record, a mistrial was declared (*see*, Judiciary Law § 21; *State of New York v General Elec. Co.*, 215 AD2d 928; 28 NY Jur 2d, Courts and Judges, §§ 85, 88, at 150, 158). Based on claimant's trial testimony and accepting the truth of such testimony, the State moved for summary judgment. In opposition, claimant submitted an affidavit by a certified ski patroller who opined that it was improper for the State to place a barrier or berm along the edge of the Algonquin trail and that the State was also negligent in grooming, marking and maintaining the trail. The court granted the State's motion dismissing the claim and denied claimant's request for renewal. Claimant appeals.

We affirm. It is well settled that in order for the State to be liable in negligence, it must be established that the alleged negligence was a proximate cause of the injuries (*see, e.g., Farinaro v State of New York*, 132 AD2d 642, *lv denied* 70 NY2d 612). Here, even accepting that the assertions by claimant's expert raise questions of fact as to the adequacy of the State's maintenance of the Algonquin trail, claimant has failed to establish that the alleged negligence was a proximate cause of his injuries. Claimant chose to ski near the edge of the trail and there is nothing in the record to indicate that the location of the edge of the trail was not readily observable to him. Claimant testified that he "instinctively reacted and turned without thinking" to avoid hitting the other skier, and claimant failed to present any proof aside from speculation that any factor other than the presence of the other skier and his own actions caused him to leave the trail and collide with the tree.

In addition, from claimant's own description of the accident, there can be no dispute that everything he encountered, including the skier he turned to avoid hitting, the berm at the edge of the trail referred to by claimant's expert and the tree with which he collided, are all statutorily recognized as inherent dangers of skiing (*see*, General Obligations Law § 18-101; *see also, Fabris v Town of Thompson*, 192 AD2d 1045). Based upon these undisputed facts, we conclude that claimant assumed the

risk of injury in this case (*see, Giordano v Shanty Hollow Corp.*, 209 AD2d 760, *lv denied* 85 NY2d 802; *Calabro v Plattekill Mt. Ski Ctr.*, 197 AD2d 558, *lv denied* 83 NY2d 754).

Mercure, White, Casey and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.