■ MARK KAUFMAN et al., Respondents, v HUNTER MOUNTAIN SKI BOWL, INC., et al., Appellants. [657 NYS2d 773] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Kutner, J.), entered June 28, 1996, which denied their motion for summary judgment dismissing the complaint and granted those branches of the plaintiffs' cross motion which were to dismiss the sixth, seventh, eighth, tenth, fifteenth, sixteenth, and seventeenth affirmative defenses.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, the cross motion is denied in its entirety, and the complaint is dismissed.

The plaintiff Mark Kaufman was seriously injured in a collision with the defendant Martin Feit, a volunteer safety ski patroller, while skiing at Hunter Mountain, which is owned by the defendant Hunter Mountain Ski Bowl, Inc. The injured plaintiff contended that he did not assume the risk of colliding

with a ski patroller. Rather, he only assumed the risk of colliding with another participant skier.

As a general rule, a voluntary participant in an athletic activity is deemed to have consented to the risk of injuries that are "known, apparent or reasonably foreseeable consequences of the participation" in such events *(Turcotte v Fell,* 68 NY2d 432, 439). Apart from instances of reckless, intentional, or other risk-enhancing conduct not inherent in the activity, the participants are deemed to have implicitly given actual consent limiting the defendant's duty "to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" *(Turcotte v Fell, supra,* at 439). Moreover, it is not necessary that the plaintiff have foreseen the exact manner in which his or her injury occurred, as long as he or she is aware of the potential for injury in the mechanism from which the injury results *(see, Maddox v City of New York,* 66 NY2d 270, 278). General Obligations Law § 18-101 *et seq.* states that voluntary participants in downhill skiing assume the inherent risks of personal injury caused by, among other things, other persons using the facilities.

Thus, by the injured plaintiff's own admission, he assumed the risk of colliding with a skier on the slope and did not adduce any facts proving that the ski patroller acted recklessly or intentionally. The plaintiffs' mere conclusory allegations or unsubstantiated assertions were insufficient to defeat the motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557). Accordingly, the Supreme Court improperly denied the defendants' motion for summary judgment. Joy, J. P., Goldstein, Florio and Luciano, JJ., concur.