■ JEFFREY S. ZIELINSKI, Respondent, v JOSEPH D. FARACE, Appellant, et al., Defendant. [737 NYS2d 199] —Appeal from an order of the Supreme Court, Erie County (Joslin, J.), entered February 13, 2001, which, inter alia, denied the motion of defendant Joseph D. Farace for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendant Joseph D. Farace and dismissing the complaint against him and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained in a collision with Joseph D.

Farace (defendant) while they were skiing. Supreme Court erred in denying the motion of defendant seeking summary judgment dismissing the complaint against him. "[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484). The risk of injury caused by another skier is an inherent risk of downhill skiing (*see, Kaufman v Hunter Mtn. Ski Bowl*, 240 AD2d 371, 372, *lv denied* 91 NY2d 805; *Atwell v State of New York*, 229 AD2d 849, 850); defendant submitted proof establishing that he did not engage in any "reckless, intentional or other risk-enhancing conduct not inherent in the activity" of downhill skiing that caused or contributed to the accident (*Kaufman v Hunter Mtn. Ski Bowl, supra* at 372; *see generally, Turcotte v Fell*, 68 NY2d 432, 441); and plaintiff failed to raise a triable issue of fact. Present—Pigott, Jr., P.J., Green, Hayes, Scudder and Gorski, JJ.