◼ MICHELLE LAMPRECHT, Respondent, v NOEL RHINEHARDT, Appellant. [778 NYS2d 310]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated November 26, 2003, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was injured when the defendant collided with her while downhill skiing at Shawnee Mountain in Pennsylvania. Without evidence of "reckless, intentional, or other risk-enhancing conduct not inherent in the activity" (*Kaufman v Hunter Mtn. Ski Bowl*, 240 AD2d 371, 372 [1997]; *see Zielinski v Farace*, 291 AD2d 910, 911 [2002]), a voluntary participant in a sport or recreational activity is deemed to have consented to the risk of injuries that are "known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *see Morgan v State of New York*, 90 NY2d 471, 484 [1997]). While awareness or appreciation of such risks must be "assessed against the background of the skill and experience of the particular plaintiff" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657 [1989]; *Turcotte v Fell, supra; Maddox v City of New York*, 66 NY2d 270, 278 [1985], "[t]he risk of injury caused by another skier is an inherent risk of downhill skiing" (*Zielinski v Farace, supra* at 911; *see Kaufman v Hunter Mtn. Ski Bowl, supra*).

The defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that he did not engage in any reckless or intentional conduct not inherent in the activity of downhill skiing that caused or contributed to the accident (*see Zielinski v Farace, supra; Kaufman v Hunter Mtn. Ski Bowl, supra*). In opposition, the plaintiff's submissions failed to raise a triable issue of fact. Her affidavit merely presented feigned issues of fact designed to avoid the consequences of her earlier deposition testimony (*see Broich v Nabisco, Inc.*, 2 AD3d 474 [2003]; *Lincoln v Laro Serv. Sys.*, 1 AD3d 487 [2003]). Santucci, J.P., S. Miller, Schmidt and Fisher, JJ., concur.