■  HARRISON WHITMAN et al., Appellants, v MICHAEL ZEIDMAN, an Infant, by SARIT ZEIDMAN, His Parent and Legal Guardian, et al., Respondents. [791 NYS2d 54]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered January 9, 2004, which granted defendants' motion and cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff Harrison Whitman was injured in a collision with defendant Michael Zeidman while snowboarding. By "engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). The risk of injury caused by another skier is inherent in downhill skiing (General Obligations Law § 18-101). Defendant submitted proof that he did not engage in instances of reckless, intentional or other risk-enhancing conduct not inherent in snowboarding that might have caused the accident, and plaintiff failed to raise an issue of fact (*see Kaufman v Hunter Mtn. Ski Bowl*, 240 AD2d 371 [1997], *lv denied* 91 NY2d 805 [1998]).

Although defendant National Council of Young Israel sponsored the trip, it exercised reasonable care in supervising the participants by arranging for lessons to be provided, and once the lessons were canceled, instructing those who were novices to stay on the "bunny" slope (*see generally Fintzi v New Jersey YMHA-YWHA Camps*, 97 NY2d 669 [2001]). Furthermore, the actions of the participants interrupted the causal link between National Council's alleged negligence and plaintiff's injury (*see Boltax v Joy Day Camp*, 67 NY2d 617 [1986]). Concur—Buckley, P.J., Andrias, Friedman, Gonzalez and Sweeny, JJ.