◼ Patricia J. Gern, Respondent, v Christina Basta, Appellant. [809 NYS2d 724]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered October 6, 2004 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when defendant collided with her

while they were skiing. Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. "[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997], *rearg denied* 90 NY2d 936 [1997]). "The risk of injury caused by another skier is an inherent risk of downhill skiing" (*Zielinski v Farace*, 291 AD2d 910, 911 [2002], *lv denied* 98 NY2d 612 [2002]; *see Kaufman v Hunter Mtn. Ski Bowl*, 240 AD2d 371, 372 [1997], *lv denied* 91 NY2d 805 [1998]; *Atwell v State of New York*, 229 AD2d 849, 850-851 [1996]). Defendant met her initial burden on the motion by submitting her deposition testimony in which she testified that, at the time of the collision, she was skiing at a moderate speed and was attempting to pass plaintiff at a safe distance of about six feet when plaintiff turned directly into her path. Defendant thereby established that she did not engage in "reckless, intentional, or other risk-enhancing conduct not inherent in the activity [of downhill skiing]" (*Kaufman*, 240 AD2d at 372), and plaintiff failed to raise an issue of fact to defeat the motion (*see Lamprecht v Rhinehardt*, 8 AD3d 448, 449 [2004]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiff submitted the affidavit of a purported expert in opposition to the motion, which affidavit was conclusory and speculative (*see Aungst v Slippery Slats & All That*, 6 AD3d 1078 [2004]). Present—Pigott, Jr., P.J., Gorski, Smith, Green and Hayes, JJ.