■ BRANDON MARTIN, Appellant, v JESSIE E. FIUTKO, Respondent. [811 NYS2d 250]—

Appeal from an order of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered April 14, 2005 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on the issue of liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained on a ski trail when he was struck from behind by defendant, a skier. According to plaintiff, he was among a group of snowboarders standing at the intersection of the ski trail and a crossover trail, waiting for the crossover trail to clear ahead of them. Plaintiff alleged that defendant was, inter alia, skiing too fast and out of control and failed to keep a proper lookout before colliding with plaintiff. On the record before us, we conclude that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint based on plaintiff's assumption of the risk. Pursuant to the doctrine of primary assumption of the risk, a voluntary participant in a sport "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997], *rearg denied* 90 NY2d 936 [1997]; *see Turcotte v Fell*, 68 NY2d 432, 438-439 [1986]). However, a participant "will not be deemed to have assumed the risks of reckless or intentional conduct" (*Morgan*, 90 NY2d at 485). "[D]ownhill skiing [and snowboarding] . . . contain[ ] inherent risks including, but not limited to, the risks of personal injury . . . which may be caused by . . . other persons using the facilities" (General Obligations Law § 18-101), and thus there generally is an inherent risk in downhill skiing and snowboarding that the participants in those sports might collide (*see generally Gern v Basta*, 26 AD3d 807 [2006]; *Lamprecht v Rhinehardt*, 8 AD3d 448, 449 [2004]; *Zielinski v Farace*, 291 AD2d 910, 911 [2002], *lv denied* 98 NY2d 612 [2002]). Nevertheless, we conclude on the record before us that there is a triable issue of fact concerning whether defendant's conduct rose to the level of recklessness (*see Martin v Luther*, 227 AD2d 859, 860 [1996]). We modify the order accordingly. Present—Hurlbutt, J.P., Scudder, Kehoe, Green and Hayes, JJ. [*See* 7 Misc 3d 1003(A), 2005 NY Slip Op 50425(U) (2005).]