■ Kevin DeMasi, Appellant, v Scott Rogers, Respondent.
[826 NYS2d 106]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Sproat, J.), dated May 20, 2005, which, upon an order of the same court dated May 9, 2005, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, the motion for summary judgment dismissing the complaint is denied, and the order is modified accordingly.

The plaintiff commenced this action to recover damages for injuries allegedly sustained when the defendant snowboarder collided with him while he was skiing in Massachusetts. After discovery was completed, the defendant moved for summary judgment dismissing the complaint, contending that the plaintiff's action was barred by the doctrine of primary assumption of risk. In opposition, the plaintiff argued that Massachusetts law, which does not recognize the doctrine of primary assumption of risk, was applicable (see Mass Gen Laws Ann, ch 231 § 85; Gauvin v Clark, 404 Mass 450, 454, 537 NE2d 94, 96-97 [1989]).

When there is a conflict as to the law to be applied, New York uses an "interest analysis" to determine the applicable law in tort cases (Schultz v Boy Scouts of Am., 65 NY2d 189, 196-197 [1985]). In applying the interest analysis test, a court must first identify the significant contacts and the jurisdiction in which they are located (see Bodea v TransNat Express, 286 AD2d 5, 9 [2001]). "[The court] must next determine whether the purpose of the laws is to regulate conduct or allocate loss" (Bodea v TransNat Express, supra at 9).

Conduct-regulating rules govern primary conduct (see Schultz v Boy Scouts of Am., supra at 198). When the conflicting rules involve the appropriate standards of conduct, the law of the place of the tort will generally apply (see Padula v Lilarn Props. Corp., 84 NY2d 519, 522 [1994]; Cooney v Osgood Mach., 81 NY2d 66, 72 [1993]; Schultz v Boy Scouts of Am., supra at 198).

"Loss allocating rules," by contrast, are laws that "prohibit, assign, or limit liability after the tort occurs" (*Padula v Lilarn Props. Corp., supra* at 522; *see King v Car Rentals, Inc.*, 29 AD3d 205, 209 [2006]). "Where the conflicting rules at issue are loss allocating and the parties to the lawsuit share a common domicile, the loss allocation rule of the common domicile will apply" (*Padula v Lilarn Props. Corp., supra* at 522).

Primary assumption of risk is a loss allocation doctrine, as it serves to "prohibit, assign or limit liability after the tort occurs" by barring a plaintiff from recovery (*Padula v Lilarn Props. Corp., supra* at 522). Because both parties in the instant case are undisputably domiciled in New York, the loss allocation law of New York applies (*see Padula v Lilarn Props. Corp., supra; Schultz v Boy Scouts of Am., supra*). Without evidence of "reckless, intentional, or other risk-enhancing conduct not inherent in the activity" (*Lamprecht v Rhinehardt*, 8 AD3d 448, 449 [2004] [internal quotation marks omitted]; *see Zielinski v Farace*, 291 AD2d 910, 911 [2002]; *Kaufman v Hunter Mtn. Ski Bowl*, 240 AD2d 371, 372 [1997]), a voluntary participant in a sport or recreational activity is deemed to have consented to the risk of injuries that are "known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *see Morgan v State of New York*, 90 NY2d 471, 484 [1997]). While awareness or appreciation of such risks must be "assessed against the background of the skill and experience of the particular plaintiff" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657 [1989] [internal quotation marks omitted]; *see Turcotte v Fell, supra; Maddox v City of New York*, 66 NY2d 270, 278 [1985]), "[t]he risk of injury caused by another skier is an inherent risk of downhill skiing" (*Zielinski v Farace, supra* at 911; *see* General Obligations Law § 18-101; *Kaufman v Hunter Mtn. Ski Bowl, supra* at 372).

The defendant established prima facie entitlement to summary judgment by demonstrating that he did not engage in any risk-enhancing conduct that was not inherent in the activity of skiing, which caused or contributed to the accident (*see Zielinski v Farace, supra; Kaufman v Hunter Mtn. Ski Bowl, supra; accord Tilson v Russo*, 30 AD3d 856, 857 [2006]). The burden therefore shifted to the plaintiff to establish that the defendant's conduct was intentional or reckless, outside of the risks skiers normally assume (*see Morgan v State of New York, supra* at 485; *Turcotte v Fell, supra* at 439; *Lamprecht v Rhinehardt, supra* at 449). The distance that the plaintiff was thrown as a result of the impact, and the nature and extent of the injuries incurred, raise at least a question of fact as to whether the defendant's

speed in the vicinity and overall conduct was reckless (*see Martin v Luther*, 227 AD2d 859, 860 [1996]). On this basis, the defendant's motion for summary judgment should have been denied.

The plaintiff's remaining contentions are without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.