■ Mark DeAngelis, Respondent-Appellant, v Mircea Protopopescu, Appellant-Respondent. (Appeal No. 3.) [829 NYS2d 790]—

Appeal and cross appeal from an amended judgment of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered September 19, 2005 in a personal injury action. The amended judgment, upon a jury verdict, awarded $8,186.34 in favor of plaintiff and against defendant for past medical expenses plus costs and disbursements.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion for a directed verdict is granted, the complaint is dismissed and the motion to set aside the verdict and for a new trial is dismissed.

Memorandum: In an action to recover damages for personal injuries arising from a collision on a ski slope, defendant appeals from an amended judgment entered upon a jury verdict apportioning liability 50% to defendant and 50% to plaintiff and awarding damages to plaintiff.

We agree with defendant that Supreme Court erred in denying his motion for a directed verdict at the close of the evidence (see CPLR 4401) on the ground that plaintiff assumed the risk of a collision with another skier. Such a motion must be granted if the court, viewing the evidence in the light most favorable to the nonmoving party, concludes that "by no rational process could the trier of the facts base a finding in favor of the [nonmoving party] upon the evidence presented" (*Wessel v Krop*, 30 AD2d 764, 765 [1968] [internal quotation marks omitted]; *see Matter of Scarozza v Tudor Plaza*, 306 AD2d 927, 928 [2003]). Here, plaintiff correctly concedes that, as an expert skier, he assumed the risks inherent in the sport of skiing, which include the risk of injury resulting from colliding with another skier (*see Martin v Fiutko*, 27 AD3d 1130 [2006]; *see also Gern v Basta*, 26 AD3d 807 [2006], *lv denied* 6 NY3d 715 [2006]; *Zielinski v Farace*, 291 AD2d 910, 911 [2002], *lv denied* 98 NY2d 612 [2002]). Plaintiff contends, however, that he did not assume the risk of injury resulting from reckless or intentional conduct and that the jury could rationally find reckless conduct on the

part of defendant based upon the evidence presented. We agree that a participant in a sport "will not be deemed to have assumed the risks of reckless or intentional conduct" (*Morgan v State of New York*, 90 NY2d 471, 485 [1997]). Such conduct, however, is "defined as the conscious or intentional doing of an act of an unreasonable character in disregard of a known or obvious risk so great as to make it highly probable that harm would follow, and done with conscious indifference to the outcome" (*Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]). Viewing the evidence presented in a light most favorable to plaintiff, we conclude that there is no rational process by which the jury could find that the collision was caused by conduct on the part of defendant that falls within that definition.

In light of our determination, we do not reach plaintiff's remaining contentions. Present—Scudder, P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.