■ EGIDIO A. FARONE, Respondent, v HUNTER MOUNTAIN SKI BOWL, INC., et al., Appellants. [859 NYS2d 64]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered October 11, 2007, which denied defendants' motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff seeks recovery for injuries sustained when struck by a fellow skier, defendant Morris, at an area operated by defendant Hunter Mountain. This accident was the result of inherent risks in downhill skiing (see General Obligations Law § 18-101), and the motions should have been granted (Lamprecht v Rhinehardt, 8 AD3d 448 [2004]; Kaufman v Hunter Mtn. Ski Bowl, 240 AD2d 371, 372 [1997], lv denied 91 NY2d 805 [1998]).

Defendants made prima facie showings of entitlement to dismissal based on the doctrine of assumption of risk, plaintiff having admitted awareness of the inherent risks and defendants having submitted proof that they did not enhance such risks (see Whitman v Zeidman, 16 AD3d 197 [2005]; Bono v Hunter Mtn. Ski Bowl, 269 AD2d 482 [2000], lv denied 95 NY2d 754 [2000]). In opposition, plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Kaufman, 240 AD2d at 372).

Plaintiff's allegation that posted signage failed to comply with Hunter's statutory and common-law duty is unsupported. Moreover, the accident occurred when Morris hit an ice patch during an evasive maneuver, which is one of the risks inherent in downhill skiing. Concur—Friedman, J.P., Williams, Catterson and Acosta, JJ. [See 2007 NY Slip Op 33258(U).]