■ MARIE HARRINGTON, as Administratrix of the Estate of OWEN HARRINGTON, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. [913 NYS2d 81]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered August 14, 2009, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

The motion court correctly held that plaintiff failed to raise a triable issue of fact regarding proximate cause and failed to establish prima facie entitlement to summary judgment in her favor on liability.

The evidence adduced on the motion established that plaintiff's decedent was receiving medical care and treatment in the months preceding his death, despite defendants' allegedly inaccurately informing decedent and medical providers that decedent's insurance coverage had been terminated. Furthermore, decedent died because of a lethal overdose of prescription drugs while he was receiving medical care. Thus, even assuming defendants were negligent, any such negligence was not a substantial cause of the events producing the injury (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Furthermore, decedent's overdose on prescription medication was an intervening act that contributed to his injuries and was

not a normal or foreseeable consequence of the situation created by defendants' negligence (*id.*).

Plaintiff's opposition to the motion consists of conclusory assertions in her affidavit that decedent would not have been exposed to the dangerous combination of prescription drugs that caused his death had he been receiving appropriate care, and her expert's speculation that the lack of availability of appropriate treatment led directly to his death. Plaintiff failed to supply any evidentiary foundation and the affidavits are insufficient to raise an issue of fact as to proximate cause (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The expert's statements that interferon-induced psychosis may affect patients suffering from depression, and that interferon and ribavirin have been known to cause former drug addicts, like decedent, to fall back into drug addiction or overdose, are insufficient to raise an issue of fact to suggest that decedent's actions were sufficiently foreseeable so as not to break the chain of causation. In any event, the motion court properly declined to consider the expert's affirmation because plaintiff failed to timely disclose his identity (*see Wartski v C.W. Post Campus of Long Is. Univ.*, 63 AD3d 916, 917 [2009]).

Finally, plaintiff fails to establish her entitlement to summary judgment on liability. Plaintiff contends that defendants are liable because, by providing and administering the employee health plan, they voluntarily assumed a proprietary, nongovernmental function. Plaintiff asserts that defendants created a special relationship with and assumed a duty to decedent, which they breached by falsely and negligently preventing him from obtaining appropriate post-stabilization medical care. Even were we to apply these two standards, plaintiff must still establish proximate cause between any breach of duty and decedent's injuries (*see e.g. Garcia v City of New York*, 205 AD2d 49, 53-54 [1994], *lv denied* 85 NY2d 810 [1995]; *Nu-Life Constr. Corp. v Board of Educ. of City of N.Y.*, 204 AD2d 106, 106 [1994], *lv dismissed* 84 NY2d 850 [1994]). Plaintiff has made no such showing.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Catterson, Acosta, Richter and Abdus-Salaam, JJ.