■ JAMES A. CLARKE, Appellant, v CATAMOUNT SKI AREA et al., Defendants, and CATAMOUNT DEVELOPMENT CORPORATION et al., Respondents. (And Another Action.) [929 NYS2d 852]—

Plaintiff seeks damages for injuries he suffered when he and defendant Zack Lang collided while skiing at an area operated by defendant Catamount Development Corporation. This accident was the result of inherent risks in downhill skiing (*see* General Obligations Law § 18-101). Defendants made prima facie showings of entitlement to judgment as a matter of law based on the doctrine of assumption of risk; plaintiff admitted awareness of the inherent risks of downhill skiing and defendants submitted proof that they did not enhance such risks (*see Farone v Hunter Mtn. Ski Bowl, Inc.*, 51 AD3d 601 [2008], *lv denied* 11 NY3d 715 [2009]; *Whitman v Zeidman*, 16 AD3d 197 [2005]).

In opposition, plaintiff failed to raise an issue of fact. Plaintiff's speculative deposition testimony as to the reckless nature of Zack's skiing at the time of the collision is insufficient to defeat the motion for summary judgment. Further, the court properly declined to consider the affidavit of plaintiff's expert, given that plaintiff failed to timely disclose the expert's identity (*see Harrington v City of New York*, 79 AD3d 545, 546 [2010]). In any event, the conclusory affidavit is insufficient to raise an issue of fact as to whether defendants unreasonably increased the risks to which plaintiff was exposed (*see Bedder v Windham Mtn. Partners, LLC*, 86 AD3d 428 [2011]; *Bono v Hunter Mtn. Ski Bowl*, 269 AD2d 482 [2000], *lv denied* 95 NY2d 754 [2000]). Concur—Andrias, J.P., Sweeny, Moskowitz, Richter and Román, JJ.