# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

401
CA 11-02022
PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

DEBORAH A. THORNTON AND MARK L. THORNTON,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

ERIC RICKNER, DEFENDANT-APPELLANT.

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FARACI LANGE, LLP, ROCHESTER (CAROL A. MCKENNA OF COUNSEL), FOR PLAINTIFF-RESPONDENT DEBORAH A. THORNTON.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered April 6, 2011 in a personal injury action. The order denied the motion of defendant for summary judgment dismissing the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the amended complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Deborah A. Thornton (plaintiff) on a ski trail when she was struck from behind by defendant, a snowboarder. We agree with defendant that Supreme Court erred in denying his motion for summary judgment dismissing the amended complaint on the ground that plaintiff assumed the risks associated with the sport of skiing. "[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484). "The risk of injury caused by another skier [or snowboarder] is an inherent risk of downhill skiing" (*Zielinski v Farace*, 291 AD2d 910, 911, *lv denied* 98 NY2d 612). Of course, however, a sporting participant "will not be deemed to have assumed the risks of reckless or intentional conduct" (*Morgan*, 90 NY2d at 485).

Defendant met his initial burden on the motion by establishing that "he did not engage in any risk-enhancing conduct that was not inherent in the activity of skiing [or snowboarding], which caused or contributed to the accident" (*DeMasi v Rogers*, 34 AD3d 720, 721; *see Clarke v Catamount Ski Area*, 87 AD3d 926, 927). Defendant submitted his deposition testimony in which he testified that he had snowboarded

on only one prior occasion, a week earlier, and that the trail where the accident occurred was a beginner's trail. Defendant further testified that icy conditions on the trail made it difficult for him to turn and stop. According to defendant, he was snowboarding between a low and medium speed when he saw plaintiff, attempted to stop, lost his balance, and ultimately collided with her. Defendant was heading in plaintiff's direction because he was trying to steer clear of a group of people on the trail. Defendant also submitted the deposition testimony of a member of the National Ski Patrol who witnessed the accident. He testified that the trail where the accident occurred is a "green" trail with easier terrain, that the trail is appropriate for beginners, and that ski schools often use that trail to teach beginners. He further testified that he believed the accident was caused by defendant's "[l]ack of ability," and he noted that, "just before impact, [defendant] was either falling down or trying to fall down, because it appeared that he wasn't able to turn." In opposition to the motion, plaintiffs failed to raise an issue of fact whether "defendant's conduct was intentional or reckless, outside of the risks skiers normally assume" (*DeMasi*, 34 AD3d at 721; *see Clarke*, 87 AD3d at 927).