Gumas v Niagara Frontier Tr. Metro Sys., Inc. (2020 NY Slip Op 07761)





Gumas v Niagara Frontier Tr. Metro Sys., Inc.


2020 NY Slip Op 07761


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND BANNISTER, JJ.


765 CA 19-01397

[*1]YVETTE GUMAS, PLAINTIFF-RESPONDENT,
v
NIAGARA FRONTIER TRANSIT METRO SYSTEMS, INC. AND NIAGARA FRONTIER TRANSPORTATION AUTHORITY, DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 






GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
CAMPBELL & ASSOCIATES, EDEN (R. COLIN CAMPBELL OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered July 11, 2019, upon a jury verdict. The judgment awarded plaintiff the sum of $303,889.00 with interest as against defendants. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained while disembarking from a bus owned by defendant Niagara Frontier Transportation Authority when the bus driver closed the bus doors on a portion of plaintiff's right arm. In appeal No. 1, defendants appeal from a judgment entered upon a jury verdict that, inter alia, awarded plaintiff damages. In appeal No. 2, defendants appeal from an order that denied their motion pursuant to, inter alia, CPLR 4404 (a) seeking to set aside the jury verdict.
Inasmuch as the appeal from the final judgment in appeal No. 1 brings up for review the propriety of the order in appeal No. 2, we conclude that appeal No. 2 must be dismissed (see Matter of State of New York v Daniel J., 180 AD3d 1347, 1348 [4th Dept 2020], lv denied 35 NY3d 908 [2020]; see generally CPLR 5501 [a]).
Defendants' contention that the evidence is legally insufficient with respect to the issue whether plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) is unpreserved for appellate review inasmuch as they failed to move for a directed verdict on that ground (see Tomaszewski v Seewaldt [appeal No. 1], 11 AD3d 995, 995 [4th Dept 2004]; Smith v Woods Constr. Co., 309 AD2d 1155, 1157 [4th Dept 2003]; see also Miller v Miller, 68 NY2d 871, 873 [1986]).
Contrary to defendants' further contention, Supreme Court properly denied defendants' motion insofar as it sought to set aside the verdict as against the weight of the evidence on the issue whether plaintiff sustained a serious injury. A motion to set aside a jury verdict as against the weight of the evidence should not be granted unless "the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]). Upon our review of the record, we conclude that there was "conflicting medical expert testimony 'rais[ing] issues of credibility for the jury to determine' " (Campo v Neary, 52 AD3d 1194, 1198 [4th Dept 2008]), and the jury's finding that plaintiff sustained a serious injury is "one that reasonably could have been rendered upon the conflicting evidence adduced at trial" (Ruddock v Happell, 307 AD2d 719, 721 [4th Dept 2003]).
Defendants failed to preserve for appellate review their contentions regarding the court's failure to give a spoliation charge and the court's alleged misreading of the charge with respect to the relevant categories of serious injury (see generally McFadden v Oneida, Ltd., 93 AD3d 1309, 1310 [4th Dept 2012]). We reject defendants' additional contention that the court erred in omitting certain parts of the pattern jury instruction provided to the jury and in instructing the jury on defendants' internal operating rules. Although the court omitted two paragraphs of the relevant pattern jury instruction, the omitted portions were not as instructive as they were clarifying, and thus the instruction "adequately convey[ed] the sum and substance of the applicable law" (Jackson v County of Sullivan, 232 AD2d 954, 956 [3d Dept 1996]). Further, contrary to defendants' assertion, the court's instructions regarding defendants' internal rules did not impose a "standard higher than that otherwise set by law" (Clarke v New York Tr. Auth., 174 AD2d 268, 275 [1st Dept 1992]).
To the extent that defendants contend that the court erred in granting plaintiff's motion for a directed verdict with respect to the issue of plaintiff's comparative negligence, we reject that contention. The determination " '[w]hether a plaintiff is comparatively negligent is almost invariably a question of fact and is for the jury to determine in all but the clearest cases' " (Yondt v Boulevard Mall Co., 306 AD2d 884, 884 [4th Dept 2003]). Here, "viewing the evidence presented in the light most favorable to [defendants]," we conclude that there was no rational process by which the jury could find that plaintiff was comparatively negligent (DeAngelis v Protopopescu, 37 AD3d 1178, 1178 [4th Dept 2007]; see generally Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). Defendants' speculation that plaintiff might have done something to avoid the accident, such as warn the driver that she was not always quick to exit the bus, did not present an issue of fact concerning plaintiff's comparative fault for the jury to resolve (see generally Gill v Braasch, 100 AD3d 1415, 1416 [4th Dept 2012]). Further, after the bus driver closed the door on her arm, plaintiff simply struggled to free it and, contrary to defendants' contention, such action did not contribute to the accident but rather was a reaction thereto.
We have considered defendants' remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court