Vendetti v Zywiak (2021 NY Slip Op 00696)





Vendetti v Zywiak


2021 NY Slip Op 00696


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


517 CA 19-01065

[*1]JOSEPH VENDETTI, PLAINTIFF-RESPONDENT-APPELLANT,
v
STEPHEN ZYWIAK, MICHAEL SHAMMA, BRIAN HOFFMAN, KATHLEEN FREDERICK, DEFENDANTS-APPELLANTS-RESPONDENTS, ET AL., DEFENDANTS. (APPEAL NO. 1.) 






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS. 
BOSMAN LAW, LLC, BLOSSVALE (A.J. BOSMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from a judgment of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered December 10, 2018. The judgment awarded plaintiff money damages upon a jury verdict and awarded plaintiff attorneys' fees. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion for a directed verdict is granted, the award of attorneys' fees is vacated, and the second amended complaint is dismissed.
Memorandum: Plaintiff, a civil engineer employed by the New York State Department of Transportation (DOT), commenced this action against defendants-appellants—who are three DOT supervisors and a human resources administrator—among others, after plaintiff was demoted from a supervisory position following a disciplinary investigation. In his second amended complaint, plaintiff alleged that he was demoted in retaliation for, inter alia, filing a whistleblower complaint alleging misconduct by another DOT employee and asserted various causes of action, including for prima facie tort, tortious interference with a contract, and retaliation in violation of the First Amendment pursuant to 42 USC § 1983 (collectively, subject causes of action). Defendants thereafter moved, inter alia, to dismiss the second amended complaint. Supreme Court denied the motion insofar as it sought to dismiss the subject causes of action against defendants-appellants, and granted the motion insofar as it sought to dismiss the second amended complaint against the only four remaining defendants (dismissed defendants).
During trial, defendants-appellants (hereafter, defendants) moved for a directed verdict pursuant to CPLR 4401, arguing, inter alia, that plaintiff did not meet his prima facie burden with respect to the subject causes of action. The court denied defendants' motion. Following trial, the jury returned a verdict finding defendants liable on all of the subject causes of action, except for defendant Brian Hoffman, who was found liable on all but the retaliation cause of action, and awarded plaintiff damages. Plaintiff thereafter moved for an award of attorneys' fees pursuant to 42 USC § 1988, which the court granted against defendants Stephen Zywiak, Michael Shamma, and Kathleen Frederick (collectively, retaliation defendants). Defendants now appeal from the final judgment awarding plaintiff damages and attorneys' fees, and plaintiff cross-appeals from that judgment to the extent that it brings up for review the order granting in part the motion seeking, inter alia, dismissal of the second amended complaint (see generally CPLR 5501 [a] [1]).
We agree with defendants on their appeal that the court erred in denying their motion for a directed verdict because, "upon the evidence presented, there was no rational process by which [*2]the trier of fact could find in plaintiff's favor" (Shmueli v Whitestar Dev. Corp., 148 AD3d 1814, 1814 [4th Dept 2017]; see generally Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). Here, the evidence at trial established that, in November 2007, the DOT promoted plaintiff to a supervisory position that had a one-year probationary period. According to plaintiff's testimony, before he was promoted he made an anonymous whistleblower complaint reporting a fellow employee's misconduct. During the course of an unrelated investigation, a DOT investigator discovered evidence that plaintiff had violated the DOT's computer use policy and that plaintiff was the person who had filed the whistleblower complaint. Thereafter, the investigator requested that an interrogation of plaintiff be conducted in furtherance of a disciplinary investigation into plaintiff's computer use pursuant to the terms of the collective bargaining agreement between plaintiff's union and the DOT (CBA). During the interrogation, plaintiff admitted using DOT computers for personal reasons, including for sending sexually explicit emails to Hoffman, to whom plaintiff reported, and for storing sexually explicit images.
As a result of the disciplinary investigation, the DOT served plaintiff with a notice of discipline (NOD) asserting several misconduct charges against him and recommending termination of his employment. Although the NOD was signed by Frederick, who worked in the DOT's regional human resources office, approval was required by the DOT's director of employee relations because the NOD recommended termination. Shortly thereafter, plaintiff received his final probationary performance evaluation, which rated his job performance as unsatisfactory and recommended that his probationary status in his supervisory position be terminated because the investigation revealed "on-the-job misconduct." His performance evaluation was signed by Hoffman and Zywiak, to whom Hoffman reported; plaintiff declined to sign the evaluation, a fact that Frederick noted. Based on that performance evaluation, plaintiff was demoted to his prior non-supervisory title with the DOT. Eventually, the DOT withdrew the NOD insofar as it sought to terminate plaintiff's employment.
Initially, based on the evidence adduced at trial, we conclude that defendants were entitled to a directed verdict with respect to the tortious interference with a contract cause of action. A claim for tortious interference with a contract requires "the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]).
As a general rule, " '[o]nly a stranger to a contract, such as a third party, can be liable for tortious interference with a
contract' " (Widewaters Prop. Dev. Co., Inc. v Katz, 38 AD3d 1220, 1222 [4th Dept 2007]). As relevant here, a government employee acting on behalf of his or her employer "and within the scope of his [or her] authority" cannot be held liable for inducing a breach of contract involving the employer (Tri-Delta Aggregates v Goodell, 188 AD2d 1051, 1051 [4th Dept 1992], lv denied 82 NY2d 653 [1993]; see Kartiganer Assoc. v Town of New Windsor, 108 AD2d 898, 899 [2d Dept 1985], appeal dismissed 65 NY2d 925 [1985]). As an exception to the general rule, an employee may be found liable where he or she "acted outside the scope of . . . employment and committed independent torts or predatory acts directed at" the plaintiff (Marks v Smith, 65 AD3d 911, 916 [1st Dept 2009], lv denied 15 NY3d 704 [2010] [emphasis added]; see Murtha v Yonkers Child Care Assn., 45 NY2d 913, 915 [1978]; Buckley v 112 Cent. Park S., Inc., 285 App Div 331, 334 [1st Dept 1954]).
Here, we agree with defendants that the evidence at trial established only that they acted on behalf of the DOT and within the scope of their authority when they took the adverse employment actions against plaintiff (see generally Tri-Delta Aggregates, 188 AD2d at 1051). There was no evidence from which the jury could have rationally concluded that there was "any independently tortious conduct on the part of . . . defendants" (Murtha, 45 NY2d at 915; see generally Marks, 65 AD3d at 916).
We further conclude that the court erred in denying defendants' motion for a directed verdict with respect to the prima facie tort cause of action. "The requisite elements of a cause of action for prima facie tort are (1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful" (Freihofer v Hearst Corp., 65 NY2d 135, 142-143 [1985] [internal [*3]quotation marks omitted]; see Greater Buffalo Acc. & Injury Chiropractic, P.C. v Geico Cas. Co., 175 AD3d 1100, 1101 [4th Dept 2019]). "There can be no recovery [for prima facie tort] unless a disinterested malevolence to injure [a] plaintiff constitutes the sole motivation for [the] defendant['s] otherwise lawful act" (Backus v Planned Parenthood of Finger Lakes, 161 AD2d 1116, 1117 [4th Dept 1990] [internal quotation marks omitted]; see Medical Care of W. N.Y. v Allstate Ins. Co., 175 AD3d 878, 880 [4th Dept 2019]). Here, "viewing the evidence presented in the light most favorable to [plaintiff]" (DeAngelis v Protopopescu, 37 AD3d 1178, 1178 [4th Dept 2007]), we conclude that there was no rational process by which the jury could find that defendants' sole motivation was to act with
" 'disinterested malevolence' " toward plaintiff (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333 [1983]; see generally Greater Buffalo Acc. & Injury Chiropractic, P.C., 175 AD3d at 1101). Instead, the evidence established that defendants' challenged actions were completed while acting in their official capacity on behalf of the DOT. Indeed, the uncontroverted fact that plaintiff violated the DOT's computer use policy established a non-malevolent motivation for defendants' challenged actions toward plaintiff.
We further conclude that the court erred in denying defendants' motion for a directed verdict with respect to the cause of action pursuant to 42 USC § 1983 for retaliation predicated on violations of the First Amendment against the retaliation defendants. It is well established that "a defendant in a [section] 1983 action may not be held liable for damages for constitutional violations merely because he [or she] held a high position of authority" (Black v Coughlin, 76 F3d 72, 74 [2d Cir 1996]). Rather, the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983" (Farrell v Burke, 449 F3d 470, 484 [2d Cir 2006] [internal quotation marks omitted]). As the United States Supreme Court has held, "each [g]overnment official, his or her title notwithstanding, is only liable for his or her own misconduct" (Ashcroft v Iqbal, 556 US 662, 677 [2009]). "Personal involvement" may be shown by " 'direct participation,' " which requires in this context "intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal" (Provost v City of Newburgh, 262 F3d 146, 155 [2d Cir 2001] [footnote omitted]).
Here, even affording plaintiff "every inference which may properly be drawn from the facts presented," and considering the facts "in a light most favorable to" plaintiff (Doolittle v Nixon Peabody LLP, 155 AD3d 1652, 1656 [4th Dept 2017] [internal quotation marks omitted]), we conclude that there was no rational process by which the jury could find that the retaliation defendants directly participated in the decision to terminate plaintiff's probation or that they knew sufficient facts concerning the alleged unlawfulness of that action. Indeed, there was no evidence that they directly participated in the adverse employment decisions or that they even had the authority to do so. Instead, the evidence demonstrated that the retaliation defendants carried out decisions made by others at the DOT.
With respect to plaintiff's cross appeal, we reject plaintiff's contention that the second amended complaint should be reinstated and judgment entered against the dismissed defendants based upon the evidence adduced at trial. The second amended complaint was dismissed against the dismissed defendants due to pleading deficiencies contained in that complaint. In short, the court concluded that plaintiff failed to state a cause of action against those defendants. At no time thereafter did plaintiff ever seek to amend the second amended complaint to correct the identified deficiencies (see generally CPLR 3025). Moreover, on his cross appeal, plaintiff does not contend that the court erred in granting the motion insofar as it sought to dismiss the second amended complaint against the dismissed defendants. Thus, because there is currently no pending complaint against the dismissed defendants, and because those defendants were not given the opportunity to defend themselves at trial, there is no legal basis for this Court to enter judgment in favor of plaintiff against those defendants based on the evidence ultimately adduced at trial (see generally CPLR 3011; Christiana Trust v Rice [appeal No. 3], 187 AD3d 1495, 1496 [4th Dept 2020]; Kazakhstan Inv. Fund v Manolovici, 2 AD3d 249, 250 [1st Dept 2003]).
We note that, in light of our determination, plaintiff is not entitled to an award of attorneys' fees pursuant to 42 USC § 1988 (b), and we therefore vacate that award. Defendants' remaining contentions on appeal are academic.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court