Shapiro v Anderson (2024 NY Slip Op 03448)

Shapiro v Anderson

2024 NY Slip Op 03448

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-03761
2022-06142
 (Index No. 53434/20)

[*1]Brion Shapiro, appellant, 
v
Zammanda Anderson, respondent.

Rutberg Breslow Personal Injury Law (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Greg Freedman], of counsel), for appellant.
Peirce & Salvato, PLLC, White Plains, NY (Kimberly C. Sheehan of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated April 29, 2022, and (2) an order of the same court dated July 20, 2022. The order dated April 29, 2022, granted the defendant's motion for summary judgment dismissing the complaint. The order dated July 20, 2022, insofar as appealed from, in effect, upon reargument, adhered to the prior determination in the order dated April 29, 2022, granting the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the appeal from the order dated April 29, 2022, is dismissed, as that order was superseded by the order dated July 20, 2022, made, in effect, upon reargument; and it is further,
ORDERED that the order dated July 20, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff commenced this action against the defendant to recover damages for personal injuries he alleged he sustained in August 2020 when a bicycle operated by the defendant collided with a bicycle operated by the plaintiff on a bike trail in Dutchess County. Subsequently, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff's action was barred by the doctrine of primary assumption of risk. By order dated April 29, 2022 (hereinafter the April 2022 order), the Supreme Court granted the defendant's motion on that ground. The plaintiff thereafter moved for leave to reargue his opposition to the defendant's motion. By order dated July 20, 2022, the court, in effect, granted reargument and adhered to its prior determination in the April 2022 order granting the defendant's motion for summary judgment dismissing the complaint.
Under the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity consents to those commonly appreciated risks that are inherent in and arise out of the nature of the sport generally and flow from participation therein (see Custodi v Town of Amherst, 20 NY3d 83, 88; Morgan v State of New York, 90 NY2d 471, 484). It is not necessary to the application of the doctrine that the injured plaintiff may have foreseen the exact manner in which the injury occurred "so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (Maddox v City of New York, 66 NY2d 270, 278). Awareness of risk is to be assessed against the background of the skill and experience of the particular plaintiff (see Morgan v State of New York, 90 NY2d at 486). Participants, however, are not deemed to have assumed the risks of reckless or intentional conduct, or concealed or unreasonably increased risks (see id. at 485). When a plaintiff assumes the risk of participating in an activity, the defendant is relieved of any legal duty the defendant might otherwise owe to the plaintiff (see Turcotte v Fell, 68 NY2d 432, 439).
Here, the defendant established, prima facie, that the doctrine of primary assumption of risk barred the plaintiff's recovery (see Hanson v Sewanhaka Cent. High Sch. Dist., 155 AD3d 702, 703). At the time of the accident, both the plaintiff and defendant were engaged in a recreational activity on a bike trail. The parties concur that the Vehicle and Traffic Law is inapplicable to these circumstances (see Vehicle and Traffic Law § 1234). Notably, the doctrine of primary assumption of risk has been applied to recreational pursuits such as bicycle riding at designated venues such as the bike trail at issue here (see Mamati v City of N.Y. Parks & Recreation, 123 AD3d 671, 672) and to those commonly appreciated risks inherent in the activity such as falling off a bicycle by coming into contact with another, be it another bicyclist, rollerblader, or pedestrian (see Morgan v State of New York, 90 NY2d at 486; Rueckert v Cohen, 116 AD3d 1026, 1027).
In opposition, the plaintiff failed to raise a triable issue of fact (see Mamati v City of N.Y. Parks & Recreation, 123 AD3d at 672). There is no allegation, in either the complaint or bill of particulars, that the defendant engaged in reckless or other behavior constituting something more than negligence (see Lamprecht v Rhinehardt, 8 AD3d 448, 449; Kaufman v Hunter Mtn. Ski Bowl, 240 AD2d 371, 372).
Accordingly, the Supreme Court properly determined, as a matter of law, that in this case the doctrine of assumption of risk constituted a complete defense to the action and properly granted the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court