10-1306-cv
Licci v. Lebanese Canadian Bank, SAL

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2010

(Argued:  February 25, 2011                    Decided: March 5, 2012)

Docket No. 10-1306-cv

------------------------------------

YAAKOV LICCI, a minor, by his father and natural guardian, ELIHAV LICCI, and by his mother and natural guardian, YEHUDIT LICCI, et al.,

Plaintiffs-Appellants,

- v -

LEBANESE CANADIAN BANK, SAL; AMERICAN EXPRESS BANK LTD.,

Defendants-Appellees.[*]

------------------------------------

Before:    KEARSE, SACK, and KATZMANN, Circuit Judges.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, Judge) granting the motion to dismiss filed by defendants-appellees American Express Bank Ltd. ("AmEx").  The plaintiffs, all Israeli residents, were allegedly injured, or their family members killed or injured, by rockets fired by Hizballah, a Lebanese terrorist organization, into northern Israel in July

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

and August 2006.  The district court dismissed the plaintiffs' negligence claim against AmEx, evaluating the claim under New York state law.  Because we conclude that New York law would apply even if a conflict between the laws of the relevant jurisdictions existed, and that the plaintiffs do not have a viable claim against AmEx under New York law, the judgment of the district court insofar as it is in favor of AmEx is hereby AFFIRMED.

The district court's dismissal of a separate claim against Lebanese Canadian Bank SAL is considered in a separate opinion filed today.

Appearances:        ROBERT J. TOLCHIN, Jaroslawicz & Jaros, New York, NY, for Plaintiffs-Appellants.

JONATHAN D. SIEGFRIED (Lawrence S. Hirsh, on the brief), Dewey & LeBoeuf LLP, New York, NY, for Defendant-Appellee Lebanese Canadian Bank, SAL.

MARK P. LADNER (Mark David McPherson, Michael Gerard, on the brief), Morrison & Foerster LLP, New York, NY, for Defendant-Appellee American Express Bank Ltd.

PER CURIAM:

The plaintiffs-appellants, Yaakov Licci et al., appeal from a March 31, 2010, decision and order of the United States District Court for the Southern District of New York (George B. Daniels, Judge) granting the motions to dismiss

2

filed by defendants-appellees Lebanese Canadian Bank, SAL ("LCB") and American Express Bank Ltd. ("AmEx").

This opinion addresses only the plaintiffs' negligence claim against AmEx.  The plaintiffs' claims against LCB are addressed in an accompanying opinion.  See Licci v. Lebanese Canadian Bank, SAL, __ F.3d __ (2d Cir. March 5, 2012).  A full account of the underlying facts is set forth in that opinion.

This case concerns a series of rocket attacks launched by Hizballah, a Lebanese terrorist organization, at targets in northern Israel in July and August 2006.  The plaintiffs are American, Canadian, and Israeli civilians who were injured, or whose family members were injured or killed, during the rocket attacks.  They allege that LCB knowingly maintained bank accounts for an alleged Hizballah affiliate, the Shahid (Martyrs) Foundation ("Shahid"), and carried out dozens of international wire transfers on Shahid's behalf. These wire transfers, which totaled several million dollars, were conducted using LCB's correspondent bank account at AmEx in New York.  The plaintiffs assert that AmEx, by facilitating these wire transfers on behalf of LCB and Shahid, breached a legal duty of care to the plaintiffs and thereby caused the plaintiffs' injuries.

"We review the district court's grant of a Rule 12(b)(6) motion to dismiss de novo, accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010). In so doing, we ascertain whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "Because our review is de novo, we are free to affirm the decision below on dispositive but different grounds." Chase Grp. Alliance LLC v. City of N.Y. Dep't of Fin., 620 F.3d 146, 150 (2d Cir. 2010) (internal quotation marks omitted).

This case presents a threshold question of choice of law. Plaintiffs assert that Israeli law governs their negligence claim, while AmEx maintains that New York law governs. "We review the district court's choice of law de novo." Finance One Pub. Co. v. Lehman Bros. Special Fin., Inc., 414 F.3d 325, 331 (2d Cir. 2005), cert. denied, 548 U.S. 904 (2006).

"A federal court sitting in diversity or adjudicating state law claims that are pendent to a federal claim must apply the choice of law rules of the forum state." Rogers v.

4

*Grimaldi*, 875 F.2d 994, 1002 (2d Cir. 1989). Accordingly, New York choice-of-law rules apply in adjudicating the plaintiffs' negligence claim.

Under New York choice-of-law rules, "'[t]he first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved.'" *Wall v. CSX Transp., Inc.*, 471 F.3d 410, 415 (2d Cir. 2006) (quoting *In re Allstate Ins. Co.*, 81 N.Y.2d 219, 223, 597 N.Y.S.2d 904, 905, 613 N.E.2d 936, 937 (1993)). A choice-of-law analysis need not be performed unless there is "an 'actual conflict' between the applicable rules of two relevant jurisdictions." *Finance One*, 414 F.3d at 331. If no actual conflict exists, and if New York is among the relevant jurisdictions, the court may simply apply New York law. *See* *Wall*, 471 F.3d at 422; *Int'l Bus. Machs. Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 143 (2d Cir. 2004).

The district court determined that "no actual conflict exists between the applicable substantive law of negligence in New York and Israel." *Licci v. Am. Express Bank Ltd.*, 704 F. Supp. 2d 403, 409 (S.D.N.Y. 2010). It therefore proceeded to evaluate the plaintiffs' negligence claim against AmEx under New York state law. *Id.* at 410. The district court observed that under New York law, "[b]anks do not owe non-

5

customers a duty to protect them from the intentional torts committed by [the banks'] customers." Id. (citing Lerner v. Fleet Bank, N.A., 459 F.3d 273, 286 (2d Cir. 2006)). The district court also determined that the plaintiffs had failed plausibly to allege that AmEx's conduct was the proximate cause of the plaintiffs' injuries. Id. at 410-11. For those reasons, the district court dismissed the plaintiffs' negligence claim against AmEx.

On appeal, the plaintiffs contend that there is an actual conflict between Israeli law and New York law, and therefore the district court erred in declining to conduct a choice-of-law analysis. The plaintiffs further argue that Israeli law, not New York law, governs their negligence claim against AmEx.

We use New York conflict of laws principles to determine whether New York or Israeli law governs. See Rogers, 875 F.2d at 1002. Even if the plaintiffs are correct and an actual conflict exists between the relevant substantive laws of New York and Israel, New York conflicts law directs that "'[t]he law of the jurisdiction having the greatest interest in the litigation will be applied.'" GlobalNet Financial.Com, Inc. v. Frank Crystal & Co., 449 F.3d 377, 384 (2d Cir. 2006) (quoting Schultz v. Boy Scouts of Am., Inc., 65 N.Y.2d 189, 197, 491 N.Y.S.2d 90, 95, 480 N.E.2d 679, 684 (1985)).

6

"Interest analysis is a 'flexible approach intended to give controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation.'" Finance One, 414 F.3d at 337 (quoting Cooney v. Osgood Mach., Inc., 81 N.Y.2d 66, 72, 595 N.Y.S.2d 919, 922, 612 N.E.2d 277, 280 (1993)).

In tort-law disputes, interest analysis distinguishes between two sets of rules: conduct-regulating rules and loss-allocating rules. GlobalNet, 449 F.3d at 384. Conduct-regulating rules are those that "people use as a guide to governing their primary conduct," K.T. v. Dash, 37 A.D.3d 107, 112, 827 N.Y.S.2d 112, 117 (1st Dep't 2006), while "[l]oss allocating rules . . . are laws that prohibit, assign, or limit liability after the tort occurs," DeMasi v. Rogers, 34 A.D.3d 720, 721, 826 N.Y.S.2d 106, 108 (2d Dep't 2006) (internal quotation marks omitted).

The alleged conflict in this case concerns a conduct-regulating rule: the scope of a bank's duty to protect third parties against intentional torts committed by the bank's customers. "'If conflicting conduct-regulating laws are at issue, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders.'"

7

GlobalNet, 449 F.3d at 384 (quoting Cooney, 81 N.Y.2d at 72, 595 N.Y.S.2d at 922, 612 N.E.2d at 280).

Applying the interest-analysis test, we conclude that New York has the greatest interest in this litigation. All of the challenged conduct undertaken by AmEx occurred in New York, where AmEx is headquartered and where AmEx administers its correspondent banking services. Although the plaintiffs' injuries occurred in Israel, and Israel is also the plaintiffs' domicile, those factors do not govern where, as here, the conflict pertains to a conduct-regulating rule. Cf. GlobalNet, 449 F.3d at 384-85. We conclude that New York, not Israel, has the stronger interest in regulating the conduct of New York-based banks operating in New York. See, e.g., Schultz, 65 N.Y.2d at 198, 491 N.Y.S.2d at 96, 480 N.E.2d at 684-85 (noting the "locus jurisdiction's interests in protecting the reasonable expectations of the parties who relied on it to govern their primary conduct").

Accordingly, even assuming that the district court was mistaken in deciding that there was no actual conflict between New York law and Israeli law, we conclude that a choice-of-law analysis would nonetheless require application of New York law to the plaintiffs' negligence claim against AmEx. The plaintiffs do not dispute that that claim must fail if New York law is applied. The district court therefore did not err

in dismissing the plaintiffs' negligence claim against AmEx, and we affirm on that ground.

For the foregoing reasons, the judgment of the district court insofar as it is in favor of AmEx is affirmed.