11-940-cv
Teachers Ins. & Annuity Assoc. of Am. v. CRIIMI Mae Servs. Ltd., et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of June, two thousand twelve.

PRESENT:
        RALPH K. WINTER,
        DENNY CHIN,
        CHRISTOPHER F. DRONEY,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA et al.,
        Plaintiffs-Counter-
        Defendants-Appellants,

        v.                                      11-940-cv

CRIIMI MAE SERVICES LIMITED
PARTNERSHIP and CMSLP MANAGEMENT
COMPANY, INC.,
        Defendants-Counter-
        Claimants-Appellees.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-COUNTER-          JOHN GROSS (pro hac vice), Taylor
DEFENDANTS-APPELLANTS:           English & Duma LLP, Atlanta,
                                 Georgia, (Daniel S. Ratner, Heidell
                                 Pittoni Murphy & Bach LLP, New
                                 York, New York, on the brief).

FOR DEFENDANTS-COUNTER           GREGORY A. CROSS, (Colleen M.
CLAIMANTS-APPELLEES:             Mallon, on the brief), Venable LLP,
                                 Baltimore, Maryland.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Teachers Insurance and Annuity Association of America ("TIAA"), Minnesota Life Insurance Company, Advantus Series Fund, Inc., and Mortgage and Bond Portfolios appeal from the district court's judgment of February 8, 2011, granting defendants' renewed motion for summary judgment dismissing the complaint. The judgment was entered pursuant to a memorandum opinion also dated February 8, 2011. The plaintiffs also challenge aspects of the district court's prior grant of partial summary judgment, in a memorandum opinion of February 3, 2010, as well as portions of the district court's order on the motion to dismiss of September 7, 2007. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

We review both the district court's grant of a motion to dismiss and grant of summary judgment de novo. See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 672 F.3d 155, 156 (2d Cir. 2012) (per curiam); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).

We affirm substantially for the reasons set forth in the district court's thorough and carefully considered order of September 7, 2007 and memorandum opinions of February 3, 2010 and February 8, 2011.

2

The governing agreement in this case is the Pooling and Servicing Agreement (the "PSA").  The PSA contained a "no-action clause" -- a condition precedent that prohibited any investor from suing unless at least 25 percent of each class of certificates adversely affected by the challenged transaction made a written request to the Trustee of the Trust to institute the suit in its own name as Trustee.  See PSA § 10.02; see also McMahan & Co. v. Wherehouse Entm't, Inc., 65 F.3d 1044, 1050-51 (2d Cir. 1995) (noting that such clauses are common and "'strictly construed'") (quoting Cruden v. Bank of N.Y., 957 F.2d 961, 967-68 (2d Cir. 1992)).  Here, the question is whether Class A-1 Certificateholders were adversely affected by the sale of the Hardage loan.  Plaintiff TIAA only possessed a small amount of Class A-1 Certificates, well below the 25-percent threshold, and did not have the participation of other Class A-1 Certificateholders necessary to meet this threshold.  Therefore, if Class A-1 Certificateholders were adversely affected, section 10.02 would preclude plaintiffs from suing.

The district court correctly found that plaintiffs had failed to raise a genuine issue of material fact as to whether Class A-1 Certificateholders were adversely affected by the sale of the Hardage loan.  Specifically, it found as a matter of law that Class A-1 Certificateholders were adversely affected because they did not receive interest income that they otherwise would have received had defendants not sold the loan.  Plaintiffs failed to present any non-speculative evidence that Class A-1

3

Certificateholders could have received equivalent interest income elsewhere in the market.

We have considered Appellants' other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4