11-2258-cv
Lawlor v. Connelly

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of June, two thousand twelve.

PRESENT:
     RALPH K. WINTER,
     JOSEPH M. McLAUGHLIN,
     DENNY CHIN,
          Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

ROBERT LAWLOR,
     Plaintiff-Appellant,

     v.                       11-2258-cv

JOHN CONNELLY,
     Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:    NORMAN A. PATTIS, The Pattis Law Firm, LLC, Bethany, Connecticut.

FOR DEFENDANT-APPELLEE:    MATTHEW B. BEIZER, Assistant Attorney General, <u>for</u> George Jespen, Attorney General of the State of Connecticut, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Robert Lawlor appeals from the district court's judgment of May 6, 2011, dismissing the complaint. The judgment was entered pursuant to a written ruling dated May 5, 2011, granting defendant-appellant John Connelly's motion to dismiss, holding that he was absolutely immune from suit under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

We review the district court's grant of a motion to dismiss de novo. See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 672 F.3d 155, 156 (2d Cir. 2012) (per curiam).

We affirm substantially for the reasons set forth in the district court's thorough and carefully-considered ruling of May 5, 2011.

Lawlor's main claim is that Connelly withheld exculpatory evidence from the investigatory grand jury. This Court has repeatedly held, however, that a prosecutor is absolutely immune from liability under 42 U.S.C. § 1983 for his conduct before a grand jury. See Bernard v. Cnty. of Suffolk, 356 F.3d 495, 505 (2d Cir. 2004) (prosecutor immune from suit for alleged misconduct in the presentation of evidence to grand jury); Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (prosecutorial immunity covers virtually all acts associated with prosecutor's function as an advocate); see generally Burns v. Reed, 500 U.S. 478 (1991); Imbler v. Pachtman, 424 U.S. 409 (1976). Moreover, this Court has specifically held that a

2

prosecutor is immune from § 1983 liability for withholding exculpatory evidence from a grand jury.  See Hill, 45 F.3d at 661.

Lawlor also argues that when Connelly submitted the application for the grand jury "upon oath," he acted as a fact witness, and is therefore not entitled to absolute immunity.  In support of this argument, Lawlor relies heavily on the Supreme Court's decision in Kalina v. Fletcher, 522 U.S. 118 (1997).  That case, however, is distinguishable from this one.  In Kalina, the Court held that the prosecutor was not absolutely immune from liability because she acted as a witness rather than an advocate.  Kalina, 522 U.S. at 130-31.  Specifically, the prosecutor had sworn to an affidavit that could have been sworn to by "any competent witness."  Id.  Here, by contrast, Connelly was required by statute to certify the application to the grand jury.  See Conn. Stat. § 54-47c.  No "witness" was permitted to do so.  Therefore, Connelly did not act as a witness, but rather in his capacity as an advocate.[1]

The fact that the grand jury was an "investigatory" grand jury -- a unique feature of Connecticut law -- is of no import.  Indeed, the same immunity principles apply to a prosecutor's actions before a Connecticut "investigatory" grand jury as apply to a prosecutor's actions before a grand jury that

---

[1]     Indeed, as the parties agree, the witness from whom the exculpatory evidence was purportedly available -- Lawlor's partner -- testified at the grand jury hearing.

3

has the power to indict.  See Powers v. Coe, 728 F.2d 97, 104 (2d Cir. 1984).  In light of these principles, the district court correctly concluded that Connelly's actions were protected by absolute immunity.

We have considered Lawlor's other arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4