13-4436-cv
*Lapolla Industries, Inc. v. Aspen Specialty Ins. Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand fourteen.

PRESENT:
      AMALYA L. KEARSE,
      CHESTER J. STRAUB,
      SUSAN L. CARNEY,
            *Circuit Judges.*

_____

LAPOLLA INDUSTRIES, INC.,

          *Plaintiff-Appellant,*

      -v.-                             No. 13-4436-cv

ASPEN SPECIALTY INSURANCE COMPANY,
ASPEN SPECIALTY INSURANCE MANAGEMENT, INC.,

          *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**      DYLAN B. RUSSELL, Hoover Slovacek LLP, Houston, TX.

**FOR DEFENDANTS-APPELLEES:**      RICHARD J. AHN (Joseph A. Oliva, Brendan T. Fitzpatrick, *on the brief*), Goldberg Segalla LLP, New York, NY.

Appeal from a judgment entered in the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 18, 2013 judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Lapolla Industries, Inc. ("Lapolla") appeals from the District Court's order dismissing its declaratory-judgment action against Defendants-Appellees Aspen Specialty Insurance Co., and its alleged agent, Aspen Specialty Insurance Management, Inc. (collectively, "the Insurers"). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to affirm.

Lapolla, a Delaware corporation with its principal place of business in Houston, Texas, brought this action seeking coverage under two insurance policies issued by Aspen Specialty Insurance Co.: a primary commercial general liability policy ("CGL Policy") and an excess liability policy (collectively, "the Policies"). Lapolla sought a declaration that the Policies obligate the Insurers to defend and indemnify Lapolla in a product liability action brought by two individuals on behalf of a putative class in the United States District Court for the Eastern District of New York. *See Markey v. Lapolla Indus., Inc.*, No. 12–4622 (E.D.N.Y. filed Sept. 14, 2012) (the "underlying action"). Those plaintiffs allege primarily that they were harmed in their property and persons by a spray polyurethane foam ("SPF") insulation product manufactured by Lapolla, which, as installed in their home, allegedly "off-gasses" (that is, emits toxins in gas form).

The Insurers have declined to defend or indemnify Lapolla in the underlying action, citing as grounds for their denial the CGL Policy's "Total Pollution Exclusion" clause (the "TPE Clause") and a pollution exclusion in the excess liability policy. App'x at 195, 217. The TPE Clause excludes from coverage claims for "[b]odily injury" or "property damage" that "would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time."[1] *Id.* (internal quotation marks omitted). The excess liability policy provides coverage subject to the exclusions of the CGL Policy, and contains its own, similar, pollution exclusion. Under these Policies, "[p]ollutants" means "any solid, liquid, gaseous or

---

[1] Relevant to demands made in the underlying action, the TPE Clause also carves out from coverage "[a]ny loss, cost or expense arising out of any . . . [r]equest, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants." App'x at 195 (internal quotation marks omitted).

thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." *Id.* at 163; *see also id.* at 219.

The District Court dismissed Lapolla's complaint under Federal Rule of Civil Procedure 12(b)(6). *See Lapolla Indus., Inc. v. Aspen Specialty Ins. Co.* (*Lapolla*), 962 F. Supp. 2d 479, 481 (E.D.N.Y. 2013). In support, it reasoned in essence that: (1) a conflict of law exists between New York and Texas law with respect to the interpretation of total pollution exclusion clauses generally, *id.* at 488; (2) in this diversity action, New York choice of law provisions govern, *id.* at 484; (3) New York choice of law principles require the court to apply Texas law to interpret the Policies, *id.* at 490; and (4) under Texas law, the TPE Clause unambiguously excludes coverage for the claims made against Lapolla in the underlying action, *id.* at 490-91.

On appeal, Lapolla argues that the District Court erred in this analysis. It also contends – in an argument first presented to the District Court after entry of judgment – that the District Court incorrectly failed to consider certain additional interpretations of the complaint against Lapolla in the underlying action, as discussed in greater detail below.

We review *de novo* a district court's choice of law determination and its Rule 12(b)(6) dismissal of a complaint. *See Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001) (choice of law); *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 210 (2d Cir. 2012) (dismissal of complaint). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We "accept[] all factual claims in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 156 (2d Cir. 2012) (per curiam) (internal quotation marks omitted).

### Choice of law

In a diversity action, the choice of law rules of the forum state – here, New York – govern. *See Krauss v. Manhattan Life Ins. Co. of New York*, 643 F.2d 98, 100 (2d Cir. 1981). New York law directs that "the first step in any choice of law inquiry is to determine whether there is an 'actual conflict' between the laws invoked by the parties." *Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 419 (2d Cir. 2001) (quoting *Matter of Allstate Ins. Co.*, 81 N.Y.2d 219, 223 (1993)). If such a conflict exists, the court must then determine which law to apply. *See id.* at 420.

The New York Court of Appeals has observed that, "where liability insurance contracts are concerned," the applicable law is generally "'the local law of the state which the parties understood

3

was to be the principal location of the insured risk.'" *Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.*, 84 N.Y.2d 309, 318 (1994) (quoting Restatement (Second) of Conflict of Laws § 193 (1971)). Where "liability insurance policies cover[] multistate risks," however, New York courts have "regard[ed] the state of the insured's domicile to be a proxy for the principal location of the insured risk." *Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp.*, 822 N.Y.S.2d 30, 34, 37 (App. Div. 2006), *aff'd on the opinion below*, 9 N.Y.3d 928 (2007).

For substantially the reasons stated in the District Court's well-reasoned opinion of August 19, 2013, *see Lapolla*, 962 F. Supp. 2d 479, we conclude that New York and Texas law conflict regarding the treatment of total pollution exclusion clauses, and, under the circumstances presented here, Texas law governs the interpretation of the TPE Clause. Under Texas law, the TPE Clause was unambiguous and excluded coverage of the underlying claims, warranting dismissal of Lapolla's complaint for failure to state a claim on which relief can be granted. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc.*, 907 S.W. 2d 517, 522 (Tex. 1995) (per curiam); *see also Certain Underwriters at Lloyd's London v. C.A. Turner Const. Co.*, 112 F.3d 184, 188 (5th Cir. 1997).

### *Lapolla's supplementary argument*

Lapolla further argues that the District Court erred in failing to consider whether the Policies cover the claims Lapolla views as being made in the underlying action as to harm caused by (1) Lapolla's alleged misrepresentations about the SPF product, and (2) alleged direct contact with the product. But Lapolla first made this argument after entry of judgment, in a Rule 59(e) motion to alter or amend judgment. Because Lapolla filed a Notice of Appeal before perfecting its Rule 59(e) motion in conformance with the District Court's procedures,[2] the District Court declined to rule on these new arguments.

Lapolla had ample opportunity to raise these arguments in a timely fashion, in response to the Insurers' motion to dismiss. We generally "will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration." *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003). We are more likely to exercise our discretion to do so when "consideration of the issue is necessary to avoid manifest injustice." *Id.* Here, we discern no such injustice, and decline to consider the arguments for the first time on appeal. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.

---

[2] Lapolla had earlier submitted a Rule 59(e) motion, but the motion was dismissed without prejudice for nonconformance with Judge Wexler's rules on motions practice.

2012) ("Rule 59 is not a vehicle for . . . presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (internal quotation marks omitted)).

## CONCLUSION

We have considered all of Lapolla's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.


FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court