# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2014
No. 13-4377-cv

RIVA JANES, individually, BRUCE SCHWARTZ, individually and on behalf of all others similarly situated, ET AL.,
*Plaintiffs-Appellants*,

v.

TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, ET AL.,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the Southern District of New York

ARGUED: DECEMBER 11, 2014
DECIDED: DECEMBER 24, 2014

Before: CABRANES, WESLEY, and HALL, *Circuit Judges*.

This appeal presents the question of whether New York toll discounts for residents of certain locales violate the constitutional right to travel or the dormant Commerce Clause.

We hold, for substantially the reasons stated by the District Court (Paul A. Engelmayer, *Judge*), that the toll discount scheme at issue neither violates the constitutional right to travel nor the dormant Commerce Clause. Accordingly, the District Court's October 17, 2013, judgment is **AFFIRMED.**

---

SETH R. LESSER (Jeffrey A. Klafter, Klafter Olsen & Lesser LLP, Rye Brook, NY, Harley J. Schnall, Law Office of Harley J. Schnall, New York, NY, *on the brief*), Klafter Olsen & Lesser LLP, Rye Brook, NY, *for Plaintiffs-Appellants.*

WALTER RIEMAN (Steven C. Herzog, Joshua D. Kaye, *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, *for Defendants-Appellees.*

---

PER CURIAM:

This appeal presents the question of whether New York toll discounts for residents of certain locales violate the constitutional right to travel[1] or the dormant Commerce Clause.[2]

We hold, for substantially the reasons stated by the District Court (Paul A. Engelmayer, *Judge*), that the toll discount scheme at issue neither violates the constitutional right to travel nor the dormant Commerce Clause. Accordingly, the District Court's October 17, 2013, judgment is **AFFIRMED.**

---

[1] The Supreme Court has described the "right to travel" as follows:

> It protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State.

*Saenz v. Roe*, 526 U.S. 489, 500 (1999).

[2] The Constitution's Commerce Clause empowers Congress "[t]o regulate Commerce . . . among the several States." U.S. CONST. art. I, § 8, cl. 3. Courts have also inferred the existence of a "dormant Commerce Clause" that imposes certain implicit limitations on state power. *McBurney v. Young*, 133 S. Ct. 1709, 1719 (2013). As the Supreme Court has explained:

> Our dormant Commerce Clause jurisprudence significantly limits the ability of States and localities to regulate or otherwise burden the flow of interstate commerce. It is driven by a concern about economic protectionism—that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors.

*Id.* (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiffs are residents of New Jersey and New York challenging a Triborough Bridge and Tunnel Authority ("TBTA") program that provides discounted tolls to residents of Staten Island, the Rockaway Peninsula, and Broad Channel Island for crossings over certain bridges. The discounted tolls, called Resident Discounts, allow residents of Staten Island to pay a reduced rate on the Verrazano-Narrows Bridge, which serves as the only direct vehicular artery connecting Staten Island with the rest of New York City. The Resident Discounts also allow residents of Rockaway and Broad Channel to pay a reduced rate when crossing the Marine Parkway-Gil Hodges Memorial Bridge and the Cross Bay Veterans Memorial Bridge.

Plaintiffs appeal from the District Court's October 17, 2013, judgment granting defendants' motion for summary judgment. The questions before us are whether defendants' discounts to some New York City residents violate plaintiffs' constitutional right to travel or the dormant Commerce Clause.[3]

---

[3] Plaintiffs also raised state law claims under the New York State Constitution, and state common law claims for unjust enrichment and money had and received. In their brief, however, they concede that "their state law claims rise and fall on the fate of their federal claims." Appellants' Br. 52. Because we reject plaintiffs' arguments with regard to their federal claims at issue, their state law claims also fail.

## DISCUSSION

We review a district court's grant of summary judgment *de novo*, *see Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 94 (2d Cir. 2012), with "[a]ll evidence submitted on the motion . . . construed in the manner most favorable to the nonmoving party," *Horvath v. Westport Library Ass'n*, 362 F.3d 147, 151 (2d Cir. 2004).

In the instant case, we have, as Judge Engelmayer noted in his thorough opinion, the benefit of an "unusually apposite circuit precedent" to guide our analysis here. *Janes v. Triborough Bridge & Tunnel Auth.*, 977 F. Supp. 2d 320, 329 (S.D.N.Y. 2013). In *Selevan v. New York Thruway Authority*, 584 F.3d 82 (2d Cir. 2009) ("*Selevan I*") and *Selevan v. New York Thruway Authority*, 711 F.3d 253 (2d Cir. 2013) ("*Selevan II*"), we similarly encountered plaintiffs challenging a residency-based toll discount on the grounds that it violated their constitutional right to travel and the dormant Commerce Clause. Accordingly, the *Selevan* decisions guide our analysis here.

### I. Right to Travel

Plaintiffs' principal argument on appeal is that the toll discounts are predicated on an "invidious distinction" between residents and non-residents and thus violate their constitutional right to travel. In *Selevan II*, we held that where, as here, toll differentials amounted only to a "minor restriction on travel," strict

5

scrutiny review[4] was not required. *Id*. at 261. Instead, a toll policy lacking the markers of "invidious distinctions" should be analyzed under the three-part test set forth in *Northwest Airlines, Inc. v. County of Kent*, 510 U.S. 355 (1994). *Selevan II,* 711 F.3d at 258. After analyzing the tolls under the *Northwest Airlines* test,[5] we concluded in *Selevan II* that the scheme at issue did not violate plaintiffs' right to travel. *Id.* at 259-261.

In the case before us, plaintiffs have presented no persuasive evidence showing that the discounts at issue here are materially different from those in *Selevan* or that they present more than a minor restriction on travel. In fact, the tolls here amount to a smaller discount than the tolls in *Selevan* when viewed in percentage terms. Moreover, the residents who qualified for the discounted tolls in *Selevan* and those who qualify in the instant case face comparable levels of geographical isolation. Similarly, the tolls charged in both *Selevan* and here are used to defray the cost of bridges, and, in the present case, the facilities of a large integrated transportation

---

[4] "Strict scrutiny" is, of course, a form of judicial review used by courts to determine the constitutionality of certain statutes. In contrast to other "levels" of scrutiny, for a statute to be deemed constitutional under strict scrutiny analysis, it must have been passed by the legislature to further a compelling governmental interest and must have been narrowly tailored to achieve that interest. *See, e.g.*, *Saenz*, 526 U.S. at 499, 504 (striking down a California law under strict scrutiny analysis that limited welfare benefits for citizens that had not been domiciled in the state for more than a year).

[5] Under the *Northwest Airlines* test, the permissibility of fees charged for the use of state facilities is evaluated under three prongs, which ask whether the fee "(1) is based on some fair approximation of use of the facilities, (2) is not excessive in relation to the benefits conferred, and (3) does not discriminate against interstate commerce." 510 U.S. at 369.

system, the operation of which facilitates interstate travel.[6] Finally, no evidence has been presented showing that even one traveler was meaningfully dissuaded from traveling interstate because of the tolls at issue.

Accordingly, the plaintiffs' right to travel argument stands on weak ground and does not merit strict scrutiny analysis. Therefore, the District Court correctly analyzed the Resident Discounts under the *Northwest Airlines* test. We also agree with the District Court's well-reasoned conclusion that the tolls at issue satisfy the various prongs of that test.

## II. Dormant Commerce Clause

The Supreme Court has explained that the "central rationale" for the dormant Commerce Clause "is to prohibit state or municipal laws whose object is local economic protectionism, laws that would excite those jealousies and retaliatory measures the Constitution was designed to prevent." *C & A Carbone, Inc. v. Town of Clarkstown*, 511 U.S. 383, 390 (1994). But "the Commerce Clause does not invalidate all State restrictions on commerce." *Selevan I*, 584 F.3d at 90 (internal quotation marks and alterations omitted).

---

[6] Appellees have demonstrated that the tolls at issue provide crucial revenue that supports the larger Metropolitan Transportation Authority system. *See* Joint App'x 1027, 1139. Moreover, as one expert noted, "people using the [Verrazano, Cross Bay, and Marine Parkway Bridges] receive the direct benefits of the mass transportation system, which the tolls are used to support. That system diverts numerous travelers in the region from the roadways to mass transportation, and makes it possible for users of the roadways to travel without excessive road congestion." *Id*. at 248.

In *Selevan I*, we concluded that a dormant Commerce Clause claim for a highway toll challenge substantially similar to the one presented here should also be analyzed under the same three-part test set forth in *Northwest Airlines*, which we applied in our analysis of plaintiffs' right to travel claim. *Id*. at 96. As we noted above, we agree with the District Court's conclusion that the Resident Discount satisfies the prongs of the test. Thus, plaintiffs' dormant Commerce Clause challenge fails for the same reasons as does their right to travel claim.

## CONCLUSION

Accordingly, we hold, for substantially the reasons articulated by the District Court, that the toll discount scheme at issue neither violates the constitutional right to travel nor the dormant Commerce Clause.

For the reasons set forth above, we **AFFIRM** the District Court's October 17, 2013, judgment**.**