**Launa BULLOCK, Plaintiff,**

v.

**CAESARS ENTERTAINMENT CORPORATION, d/b/a Bally's Atlantic City, and Caesars Entertaining Operating Company, Inc., d/b/a Bally's Atlantic City, Defendants.**

No. 11–CV–4914 (WFK)(MDG).

United States District Court,
E.D. New York.

Signed Jan. 21, 2015.

Michael Joseph Asta, Asta & Associates, Reza Rezvani, Rezvani Law Firm, New York, NY, for Plaintiff.

Philip Jared Odett, Christopher C. Mauro, Camacho Mauro Mulholland, LLP, New York, NY, for Defendants.

## MEMORANDUM AND ORDER

WILLIAM F. KUNTZ, II, District Judge.

Plaintiff Launa Bullock ("Plaintiff") brings this action against Defendants Caesars Entertainment Corporation, d/b/a Bally's Atlantic City, ("Defendant Corporation") and Caesars Entertaining Operating Company, d/b/a Bally's Atlantic City ("Defendant Operating Company") for injuries she allegedly sustained when she slipped and fell while visiting 6ix A Bistro ("6ix"), a restaurant located within Bally's Atlantic City casino-hotel ("Bally's") and maintained and owned by Defendant Corporation and Defendant Operating Company ("Defendants"). Defendants filed a Choice of Law motion *in limine,* arguing New Jersey law applies to both conduct-regulating and loss-allocating issues. Dkt. 21. Plaintiff has not opposed the motion. For the reasons below, this Court grants Defendants' motion.

### INTRODUCTION

Plaintiff is a sixty-six year old female domiciled in New York. Dkt. 7; Dkt. 14, at 3. Defendants are both domiciliaries of New Jersey. Dkt. 21. Plaintiff was visiting Defendants' casino-hotel Bally's and 6ix restaurant in Atlantic City, New Jersey, at the time of the alleged incident.

Plaintiff alleges that she sustained injuries on February 11, 2010, when she slipped due to a wet condition and fell on the tile floor at 6ix. Plaintiff originally filed this action in New York Supreme Court, Kings County, and Defendants removed the case to this Court on October 11, 2011. Plaintiff filed an amended complaint on January 23, 2012, and Defendants filed an answer on February 14, 2012. Defendants filed a Choice of Law motion *in limine* on March 25, 2014, arguing that New Jersey law should apply to this ac-

tion. For the reasons set forth below, the Court grants Defendants' motion.

## DISCUSSION

The laws of two jurisdictions are potentially applicable to this action. Plaintiff is a New York domiciliary who allegedly injured herself while visiting Defendants' casino-hotel in New Jersey. Defendants are both New Jersey domiciliaries. Thus, the inquiry is whether New Jersey or New York law should apply to conduct-regulating and loss-allocating issues.

██ "A federal trial court sitting in diversity jurisdiction must apply the law of the forum state to determine the choice-of-law." *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir.2001) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 497, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). "Under New York choice-of-law rules, the first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 157 (2d Cir.2012) (internal quotations and citations omitted). "Where the applicable law from each jurisdiction provides different substantive rules, [an interest] analysis is required." *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir.1998).

██ Under "interest analysis," "[t]he law of the jurisdiction having the greatest interest in the litigation will be applied." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48–49 (2d Cir. 2013) (citing *Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189, 491 N.Y.S.2d 90, 480 N.E.2d 679, 684 (1985)) (internal quotation marks omitted). The analysis, however, is "applied differently depending on whether the rules in question are conduct-regulating rules . . ., or loss-allocating rules." *Id.* at 49 (citing *Schultz*, 491 N.Y.S.2d 90, 480

N.E.2d at 684–85). Both loss-allocating rules and conduct-regulating rules are at issue in this case. Each will be addressed in turn.

## A. Loss Allocating

Loss-allocating rules "are laws that prohibit, assign, or limit liability after the tort occurs." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d at 158 (citing *DeMasi v. Rogers*, 34 A.D.3d 720, 721, 826 N.Y.S.2d 106 (2d Dep't 2006)). Comparative negligence laws are generally viewed as loss-allocating rules in New York state courts and Second Circuit district courts. *See, e.g., Levy v. Marriott Int'l, Inc.*, No. 08–cv–4795, 2011 WL 1542082, at *2 (E.D.N.Y. Apr. 21, 2011) (Carter, Mag. J.) ("Comparative negligence is a loss allocation law."); *O'Brien v. Marriot Intern., Inc.*, No. 04–cv–3369 (VVP), 2006 WL 1806567, at *2 (E.D.N.Y. June 29, 2006) (Pohorelsky, Mag. J.) (collecting cases).

██ There is an actual conflict between New Jersey and New York loss-allocating laws. *See, e.g., Youngman v. Robert Bosch LLC*, 923 F.Supp.2d 411, 417 (E.D.N.Y.2013) (Orenstein, Mag. J.). Under New Jersey's comparative negligence law, a plaintiff may only recover damages if her negligence does not exceed that of the defendant, with such damages reduced proportionally to her negligence. N.J. Stat. Ann. § 2A:15–5.1 (West 2015). Under New York's "pure" comparative negligence law, a plaintiff may recover damages even if her own negligence exceeds that of the defendant, with such damages reduced proportionally to her negligence. N.Y. C.P.L.R. § 1411 (McKinney 2014). Therefore, there is an actual conflict between New Jersey and New York laws, and this Court must undertake the interest analysis considering Plaintiff vis-à-vis each Defen-

dant. *Edwards v. Erie Coach Lines Co.,* 17 N.Y.3d 306, 329, 929 N.Y.S.2d 41, 952 N.E.2d 1033 (2011).

### (i) Plaintiff v. Defendant Corporation

■ "Cases involving loss allocation conflict of laws are guided by the framework set forth in *Neumeier v. Kuehner.*" *Levy,* 2011 WL 1542082, at *2 (citing *Neumeier v. Kuehner,* 31 N.Y.2d 121, 335 N.Y.S.2d 64, 286 N.E.2d 454, 457–58 (1972)). According to the second *Neumeier* principle, "[w]hen the [tortfeasor's] conduct occurred in the state of his domicile and that state does not cast him in liability for that conduct, he should not be held liable by reason of the fact that liability would be imposed upon him under the tort law of the state of the victim's domicile." *Neumeier,* 335 N.Y.S.2d 64, 286 N.E.2d at 457–58. "In essence, then, the second *Neumeier* principle adopts a 'place of injurry' test for true conflict guest statute cases." *Cooney v. Osgood Mach.,* 81 N.Y.2d 66, 73, 595 N.Y.S.2d 919, 612 N.E.2d 277 (1993).

Plaintiff is a New York domiciliary, Defendant Corporation is a New Jersey domiciliary, and the tort occurred in New Jersey. Thus, because the parties are domiciled in different states and the tort occurred in the state of Defendant Corporation's domicile, the second *Neumeier* principle mandates application of New Jersey law.

### (ii) Plaintiff v. Defendant Operating Company

The rule of law as between Plaintiff and Defendant Operating Company is the same as that between Plaintiff and Defendant Corporation. Plaintiff is a New York domiciliary, Defendant Operating Company is a New Jersey domiciliary, and the tort occurred in New Jersey. Thus, because the parties are domiciled in different states and the tort occurred in the state of Defendant Operating Company's domicile, the second *Neumeier* principle mandates application of New Jersey law.

### B. Conduct Regulating

■ "Conduct-regulating rules are those that 'people use as a guide to governing their primary conduct.'" *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 672 F.3d at 158 (citing *K.T. v. Dash,* 37 A.D.3d 107, 827 N.Y.S.2d 112, 117 (1st Dep't 2006)). If conduct-regulating laws of different jurisdictions conflict, "the law of the place of the tort 'will usually have a predominant, if not exclusive, concern.'" *Padula v. Lilarn Props. Corp.,* 84 N.Y.2d 519, 620 N.Y.S.2d 310, 644 N.E.2d 1001, 1002 (1994) (citing *Schultz,* 491 N.Y.S.2d 90, 480 N.E.2d at 684). This is because "[that] jurisdiction has the greatest interest in regulating behavior within its borders." *Vumbaca v. Terminal One Grp. Assoc. L.P.,* 859 F.Supp.2d 343, 361 (E.D.N.Y.2012) (Weinstein, J.) (citing *Padula,* 620 N.Y.S.2d 310, 644 N.E.2d at 1002).

Defendants argue for application of New Jersey law as to all conduct-regulating issues. Defs' Motion *in limine,* at 1–2. Plaintiff has offered no reason why New Jersey law, as the place of the alleged tort, does not have a predominant interest regarding conduct-regulating issues. New Jersey law shall apply.

### CONCLUSION

Federal trial courts sitting in diversity must apply the choice of law principles of the forum state to determine which law to apply. In this action, Plaintiff is a New York domiciliary and both Defendants are New Jersey domiciliaries. Under the principles set forth by the Court of Appeals of New York in *Neumeier,* New Jersey law applies as between Plaintiff and

both Defendants to all loss-allocating issues. Further, New Jersey has a paramount interest in regulating parties' conduct and behavior within its borders. Therefore, this Court holds that New Jersey law applies to all loss-allocation and conduct-regulating issues in this case.

**SO ORDERED.**