Financial Federal Credit Inc. v. Klug

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand fifteen.

PRESENT: DENNIS JACOBS,
          RAYMOND J. LOHIER, JR.,
                    Circuit Judges,
          GARY L. SHARPE,
                    District Judge.[*]
- - - - - - - - - - - - - - - - - - - -X
Financial Federal Credit Inc.,
          Plaintiff-Appellant,

          -v.-                                    14-1972

Ramar Crane Services, LLC, Ramar Steel
Sales, Inc., Ramar Steel Erectors,
Inc.,
          Defendants-Appellees.[**]
- - - - - - - - - - - - - - - - - - - -X

---

[*]     Chief Judge Gary L. Sharpe, of the United States District Court for the Northern District of New York, sitting by designation.

[**]     The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

**FOR APPELLANT:**            JONATHAN D. DEILY (<u>with</u> Stacey
M. Metro & Mark D. Glastetter,
<u>on the brief</u>), Deily &
Glastetter, LLP, Albany, New
York.

**FOR APPELLEES:**           KEVIN S. COOMAN, McConville,
Considine, Cooman & Morin, P.C.,
Rochester, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff Financial Federal Credit Inc. ("FFCI") appeals from the judgment of the United States District Court for the Western District of New York (Larimer, <u>J.</u>), granting summary judgment in favor of defendants Ramar Crane Services, LLC, Ramar Steel Sales, Inc., and Ramar Steel Erectors, Inc. (collectively, "Ramar").  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's grant of summary judgment <u>de novo</u>, construing all evidence in the manner most favorable to the nonmoving party.  <u>See</u> <u>Janes v. Triborough Bridge & Tunnel Auth.</u>, 774 F.3d 1052, 1054 (2d Cir. 2014).

**1.**  The Liebherr crane: as the district court concluded, Ramar qualifies as a buyer in the ordinary course under section 1-201(9) of the New York Uniform Commercial Code.[1]  Ramar purchased the Liebherr crane, in cash, from a used crane dealer.  The conditional "buy back" option (which

---

[1]     This is a diversity case.  The parties disagree about whether Maryland or New York law should apply, but all agree with the district court's conclusion that the relevant provisions of the Uniform Commercial Code are identical in both states.  Because we agree that there is no relevant conflict between Maryland and New York, we apply the law of the forum state: New York.  <u>See</u> <u>Licci ex rel. Licci v. Lebanese Canadian Bank, SAL</u>, 672 F.3d 155, 157 (2d Cir. 2012).

was never exercised) and the contemplated "trade-in" of another crane (which never happened) are not enough to take this transaction out of the "ordinary course of business" under New York U.C.C. § 1-201(9).  The district court correctly concluded that Ramar purchased the Liebherr crane free of any security interest from FFCI.  <u>See</u> N.Y. U.C.C. § 9-320(a).

   **2.**  The Tadano crane: we agree with the district court that FFCI never obtained a perfected security interest in the Tadano, because Ramar neither completed the sale, nor delivered the crane.  <u>See</u> N.Y. U.C.C. §§ 2-106(1), 2-401.

   For the foregoing reasons, and finding no merit in FFCI's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK